UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| The Trustees of the Sheet Metal Local #10 Control Board Trust Fund,<br><br>Plaintiffs,<br><br>vs.<br><br>Forte Mechanical, Inc.,<br><br>Defendant. | Civil File No. 10-cv-02836 (JNE/SRN)<br><br>**REPORT AND RECOMMENDATION** |

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter comes before the Court on Plaintiffs' motion for entry of default judgment (Doc. No. 8). The matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a). (Doc. No. 14.) The matter was heard before the undersigned on November 2, 2010. Michael P. Eldridge of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant. For the reasons stated below, the Court recommends that the motion be granted.

**FINDINGS OF FACT**

1. Plaintiffs filed the Summons and Complaint in this matter on July 1, 2010. Defendant's authorized agent was personally served with the Summons and Complaint in this matter on July 6, 2010.

2. Defendant failed to file and serve a response or Answer to the Summons and Complaint.

1

3. The Clerk entered default on July 29, 2010.

4. Plaintiffs are Trustees of the Sheet Metal Local #10 Control Board Trust Fund ("Control Board"). The Control Board is a clearinghouse which provides various services to employee benefit plans and is designated by various labor agreements as the entity to accept and distribute, among other things, contributions to the employee benefit plans specified in the labor agreements.

5. The Control Board Trustees are fiduciaries of the employee benefit plans specified in the labor agreements. The employee benefit plans on whose behalf the Control Board seeks contributions, and which the Control Board forms a part, are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).

6. The employee benefit plans are administered in accordance with the provisions of the ERISA and are exempt from federal income taxation pursuant to the Internal Revenue Code.

7. Defendant Forte Mechanical, Inc. ("Forte Mechanical") accepted and agreed to be bound to a Collective Bargaining Agreement between the Commercial Subdivision of the Twin Cities Division of Sheet Metal and Roofing Contractors Association ("SMARCA") and Sheet Metal Workers Local No. 10 with a term of May 1, 2002 to April 30, 2005 ("Collective Bargaining Agreement").

8. The Collective Bargaining Agreement contains an automatic renewal, or "evergreen", clause, which provides as follows:

> This Agreement shall become effective on the 1st day of May, 2002, and shall remain in full force and effect until the 30th day of April, 2005, and

shall continue in force from year to year thereafter, unless written notice of reopening is given not less than ninety (90) days prior to the expiration date. In the event such notice of reopening is served, this Agreement shall continue in force and effect until conferences relating thereto have been terminated by either party.

9. On January 2, 2008, the Union provided Forte Mechanical with written notice of reopening of the Collective Bargaining Agreement. To date, neither the Union nor Forte Mechanical have terminated conferences relating to a new collective bargaining agreement. Accordingly, Forte Mechanical remains bound to the Collective Bargaining Agreement.

10. The Collective Bargaining Agreement requires Forte Mechanical to submit contributions to pension, health and welfare, vacation, industry and training funds in the amount per hour specified in the Collective Bargaining Agreement for each hour worked its employees covered by the Collective Bargaining Agreement.

11. The Collective Bargaining Agreement also requires Forte Mechanical to set forth the amount due and owing for contributions on a report form to be submitted to the Control Board with Forte Mechanical's monthly payment.

12. The Collective Bargaining Agreement also incorporates by reference the Restated Declaration of Trust for the Sheet Metal Local No. 10 Control Board Trust Fund ("Trust Agreement") and states that all contributions shall be paid in accordance with the Trust Agreement.

13. The Collective Bargaining Agreement and the Trust Agreement require Forte Mechanical to submit the report and payment to the Control Board by the tenth day of the following month for which the contributions are due.

14. The Collective Bargaining Agreement and the Trust Agreement provide

that any employer whose report and contributions are not received by the Control Board within five days after the tenth, or the first working day thereafter, is delinquent.

15. Forte Mechanical breached the terms of the Collective Bargaining Agreement by failing to timely submit the reports and contributions for the months of May 2010 through August 2010 ("Delinquency Period").

16. Albeit untimely, Forte Mechanical ultimately produced the required reports for the Delinquency Period. Pursuant to these reports, and by Forte Mechanical's own admission, $25,122.93 is due and owing for delinquent contributions for the Delinquency Period.

17. The Collective Bargaining Agreement and the Trust Agreement state that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month. However, if the delinquent contributions, together with the liquidated damages assessment, are not received by the Control Board on or before the tenth day of the next month, the liquidated damages assessment increases to twenty percent.

18. Forte Mechanical owes the Control Board $5,024.59 for liquidated damages for the Delinquency Period.

19. The Collective Bargaining Agreement states that any attorneys' fees incurred in the collection of contributions shall be payable by the delinquent employer. Likewise, the Trust Agreement states that the reasonable costs and attorneys' fees incurred by the Control Board in collecting or attempting to collect delinquent contributions shall be paid by the delinquent employer.

20. The Control Board incurred attorneys' fees and costs in pursuing this

delinquency in the amount of $1,969.72. These attorneys' fees and costs were reasonable under the circumstances and limited to performing those services necessary for the prosecution of the Control Board's claims.

21.  The total amount due and owing to the Control Board for the months of May 2010 through August 2010 for delinquent contributions, liquidated damages, and attorneys' fees and costs is $32,117.24.

## **CONCLUSIONS OF LAW**

1.  Forte Mechanical is in default and the Control Board is entitled to entry of a money judgment.

2.  Forte Mechanical owes the Control Board $25,122.93 for delinquent fringe benefit contributions for the months of May 2010 through August 2010.

3.  Forte Mechanical owes the Control Board $5,024.59 for liquidated damages for the months of May 2010 through August 2010.

4.  Forte Mechanical owes the Control Board $1,969.72 for attorneys' fees and costs.

## **RECOMMENDATION**

Based on the foregoing, and on all the files, records, and proceedings, IT IS HEREBY RECOMMENDED THAT:

1.  Plaintiffs' Motion for Entry of a Default Judgment [Doc. No. 8] be **GRANTED**; and

2.  Judgment in the amount of $32,117.24 be entered against Defendant and in favor of Plaintiffs.

Dated: November 2, 2010

    s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **November 17, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.

462211.DOCX